IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

THOMAS GOLDEN     )
155 Hawthorne Drive    )  CASE NO.
New Concord, Ohio, 43762  )
            )  JUDGE
  On behalf of himself and all others )
  similarly-situated     )
            )
    Plaintiff,     )
            )
    v.        )
            )
OHIO VALLEY PHYSICIANS, INC. )
d.b.a. "OVP Health"    )
300-B 8th St Suite 201,    )
Huntington, West Virginia, 25701 )
            )
  **Serve Also:**     )
  Stacey Shy, Registered Agent )
  936 State Route 160   )
  Gallipolis, Ohio, 45631   )
            )
    Defendant.

## COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT.

Through a knowing and company-wide scheme, Defendant Ohio Valley Physicians, Inc. ("OVP") systematically failed to pay Plaintiff Thomas Golden and other similarly situated employees' overtime for the hours they worked in excess of forty (40) per workweek, instead paying them their respective hourly rate for all hours worked on a "flat-rate" basis. Accordingly, Defendants' conduct violated and continues to violate the Fair Labor Standards Act ("FLSA"), 29 U.S. Code § 207. On behalf of himself and all other similarly situated employees, Golden brings this collective action for the recovery of unpaid overtime under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to as the "Collective Class Members." The following allegations are based upon information and belief, or personal knowledge as to Golden's own

conduct and the conduct and acts of others.

## PARTIES.

1.  Golden is an individual residing in Muskingum County, Ohio. Golden performed work for OVP within the last three years for which he was not paid the overtime wages guaranteed by the FLSA. Golden's signed consent to sue form is attached hereto as Exhibit "A."

2.  The Collective Class Members are all current and former non-exempt employees of OVP who were employed by OVP at any time during the three-year period immediately preceding the filing of this lawsuit.

3.  OVP is a domestic corporation whose principal place of business is located in Huntington, West Virginia.

## PERSONAL JURISDICTION.

4.  OVP hires citizens of the state of Ohio, contracts with companies in Ohio, and owns or rents property in Ohio. As such, the exercise of personal jurisdiction over OVP comports with due process.

5.  This cause of action arose from or relates to the contacts of OVP with Ohio residents, thereby conferring specific jurisdiction over OVP.

## SUBJECT MATTER JURISDICTION AND VENUE.

6.  This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7.  Venue is proper in this District because OVP does a sizeable portion of its business in this District and many of the wrongs herein alleged occurred and/or were based on compensation decisions that were made in this District.

## FLSA COVERAGE.

8.  At all times referenced herein, OVP formed an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r) and formed a single enterprise engaged in commerce within

the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.00.

## FACTUAL ALLEGATIONS.

9.   OVP is a healthcare company that provides emergency department staffing, hospitalist services, primary care, and addiction treatment services to hospitals and communities in Ohio and surrounding states.

10.  OVP provides health services and staffing at the following medical facilities:

     a.   Holzer Medical Center – Gallipolis, Ohio.

     b.   Holzer Medical Center – Jackson, Ohio.

     c.   Holzer Meigs Emergency Department – Pomeroy, Ohio

     d.   OhioHealth O'Bleness Hospital – Athens, Ohio

     e.   Southeastern Ohio Regional Medical Center – Cambridge, Ohio

     f.   Buchanan General Hospital – Grundy, Virginia.

11.  Golden is a former employee of OVP.

12.  Golden was employed by OVP as an Advance Practice Registered Nurse.

13.  Golden was assigned to work at Southeastern Ohio Regional Medical Center.

14.  At all times referenced herein, Golden and those similarly situated were employed pursuant to a boilerplate employment agreement.

15.  A true and accurate copy of Golden's employment agreement is attached hereto as Exhibit "B" ("Employment Agreement").

16.  At all times referenced herein, Golden and those similarly situated were paid on an hourly basis.

17. At all times referenced herein, Golden and those similarly situated regularly worked greater than forty (40) hours per workweek.

18. OVP failed to pay Golden or those similarly situated overtime when they worked greater than (40) hours per workweek, instead paying them their regular hourly rate for all such hours.

19. OVP expressly referenced the Fair Labor Standards Act ("FLSA"), including its definitions of "exempt" and "non-exempt" employees, in the Employment Agreement.

20. OVP required Golden and those similarly situated to record all time worked through an electronic payroll system, regardless of whether the employee was classified as exempt or non-exempt.

21. Despite referencing the FLSA and requiring timekeeping, OVP failed to classify Golden and those similarly situated as non-exempt and failed to pay them overtime premiums as required by law.

22. OVP knew or showed reckless disregard for the fact that Golden and those similarly situated were entitled to overtime compensation under the FLSA.

23. OVP willfully failed to pay overtime compensation to Golden and those similarly situated for hours worked in excess of forty (40) per workweek.

24. OVP failed to act in good faith or with reasonable grounds to believe that its failure to pay overtime compensation complied with the FLSA.

25. As a result of OVP's willful and bad faith violations of the FLSA, Golden and those similarly situated are entitled to unpaid overtime wages, liquidated damages, and attorneys' fees and costs pursuant to 29 U.S.C. §§ 216(b), 255(a), and 260.

## COLLECTIVE ACTION ALLEGATIONS.

26. Golden re-alleges and incorporates by reference the allegations set forth in paragraphs 1- 25, above.

27. At all times referenced herein, OVP employed non-exempt employees who were paid on an hourly basis and who regularly worked more than forty (40) hours in a workweek without receiving overtime compensation as required by the FLSA.

28. OVP's failure to pay overtime compensation was the result of a uniform, company-wide policy or practice applicable to Golden and those similarly situated.

29. Golden brings this action as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of himself and all similarly situated individuals defined as follows:

> All current and former Advance Practice Registered Nurses and other hourly, non-exempt healthcare providers employed by OVP within the three years preceding the filing of this action who were not paid overtime compensation for hours worked over forty (40) in a workweek.

30. Collective action treatment of Golden's FLSA claims is appropriate because Golden and the putative Collective Class Members were subjected to the same unlawful compensation policies and practices, and resolution of their claims depends on common legal and factual questions, including whether OVP failed to pay overtime wages in violation of the FLSA.

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT; FAILURE TO PAY OVERTIME.

31. Golden re-alleges and incorporates by reference the allegations set forth in paragraphs 1- 30, above.

32. The FLSA requires covered employers such as OVP to pay employees the applicable minimum wage for all hours worked.

33. The FLSA further requires covered employers to pay non-exempt employees overtime compensation at a rate of one-and-one-half times their regular hourly rate for all hours worked over forty (40) in a single workweek.

34. Golden and those similarly situated were non-exempt, hourly employees.

35. Golden and those similarly situated regularly worked more than forty (40) hours per workweek.

36.    OVP failed to pay Golden and those similarly situated overtime compensation for hours worked over forty (40) in a workweek.

37.    OVP either recklessly disregarded whether its failure to pay overtime and all compensable hours violated the FLSA, or it willfully failed to investigate and comply with its legal obligations under the FLSA.

38.    OVP's failure and refusal to pay overtime compensation was willful, intentional, and not in good faith.

39.    As a result of OVP's violations of the FLSA, Golden and those similarly situated are entitled to recover all unpaid overtime wages, an equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs, and all other relief available under 29 U.S.C. §§ 216(b), 255(a), and 260.

## PRAYER FOR RELIEF.

WHEREFORE, Plaintiff Thomas Golden requests judgment in his favor against Defendant Ohio Valley Physicians, Inc., containing the following relief:

(a) Designating this action as a collective action on behalf of Golden and the Collective Class Members he seeks to represent pursuant to the Fair Labor Standards Act, issuing notice pursuant to 29 U.S.C. § 216(b) to Collective Class Members  apprising them of the pendency of this action, which will permit them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b), and equitably tolling the statute of limitations from the date of filing this Complaint until the expiration of the deadline for filing consent to sue forms pursuant to 29 U.S.C. § 216(b);

(b) Designating Golden as a representative for the Collective Class Members;

(c) Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§ 201 et seq;

(d) Awarding Golden and the Collective Class Members unpaid minimum wages and overtime wages, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

(e) Awarding pre-judgment and post-judgment interest as provided by law;

(f) Awarding reasonable attorneys' fees and costs; and

(g) Awarding such other and further relief that this Court deems appropriate

Respectfully submitted,

/s/Chris P. Wido
Chris Wido (0090441)
**SPITZ, THE EMPLOYEE'S ATTORNEY**
3 Summit Park Drive, Suite 200
Independence, Ohio 44131
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: Chris.Wido@Spitzlawfirm.com

*Attorney for Plaintiff Thomas Golden*

## JURY DEMAND

Plaintiff Thomas Golden demands a trial by jury by the maximum number of jurors permitted.

/s/Chris P. Wido
Chris P. Wido (0090441)
**SPITZ, THE EMPLOYEE'S ATTORNEY**