IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THOMAS GOLDEN, *on behalf of himself and others similarly situated,*<br><br>    Plaintiff,<br><br>vs.<br><br>OHIO VALLEY PHYSICIANS, INC., d/b/a OVP HEALTH,<br><br>    Defendant. | CASE NO. 2:25-CV-416-DRC-CMV<br><br>JUDGE DOUGLAS R. COLE |

**MOTION TO DISMISS FOR IMPROPER VENUE**

Pursuant to Fed. R. Civ. P. 12(b)(3) and/or 12(b)(6), Defendant Ohio Valley Physicians, Inc. d/b/a OVP Health ("OVP") respectfully moves this Court to dismiss Plaintiff Thomas Golden's ("Plaintiff") Complaint [Doc. #1] because the parties are contractually obligated to litigate their disputes in West Virginia courts. Legal and factual authorities supporting the relief requested in this motion are contained in the attached memorandum.

Respectfully submitted,

/s/ Charles K. Gould
Charles K. Gould (0065825)
**JENKINS FENSTERMAKER, PLLC**
Post Office Box 2688
Huntington, WV  25722-2688
Phone: (304) 523-2100 | Fax: (304) 523-2347
ckg@jenkinsfenstermaker.com

*Counsel for Ohio Valley Health Physicians, Inc. d/b/a OVP Health*

1

## MEMORANDUM IN SUPPORT OF MOTION

## FACTS

OVP is a healthcare company that provides emergency department staffing, hospitalist services, primary care, and addiction treatment services to hospitals and communities in Ohio and surrounding states. [Dkt. #1, ¶¶ 9-10]. OVP employed Plaintiff as an Advance Practice Registered Nurse and assigned Plaintiff to work at Southeastern Ohio Regional Medical Center in Cambridge, Ohio. [Dkt. #1, ¶¶ 11-13]. Plaintiff's employment with OVP was governed by the Employment Agreement attached to Plaintiff's Complaint. [Dkt. 1, Ex. B].

The Employment Agreement included the following provision:

> 11. GOVERNING LAW AND FORUM. With the exception of issues pertaining to wage payment and collection, workers' compensation, professional licensure, and facility licensure/accreditation, which are governed by the laws of the state where the Assigned Location is situate, the Parties jointly agree and acknowledge that this Agreement shall be governed and interpreted in accordance with the laws of the State of West Virginia. The Parties agree that any dispute with respect to enforcing this Agreement shall be resolved by the courts, either state or federal, located in Huntington, Cabell County, West Virginia, regardless of where the Agreement is finally executed or performed and neither Party shall challenge whether such court has jurisdiction over the claim(s) or parties.

[Dkt. #1, Ex B]. Thus, OVP and Plaintiff agreed that disputes regarding the Agreement would be brought in State or Federal Court in Huntington, West Virginia.

On March 4, 2025, Plaintiff tendered his resignation to OVP effective June 2, 2025, pursuant to the provision of the Employment Agreement that required Plaintiff to give OVP ninety (90) days' notice of his departure. See Ex. A.

On April 17, 2025, Plaintiff filed his Complaint in this case. Plaintiff acknowledged in the Complaint, and OVP does not dispute that Plaintiff's employment was governed by the

2

Employment Agreement. Plaintiff asserted that the copy of the Employment Agreement attached to the Complaint, which includes Section 11 quoted above, is a true and correct copy.

## LAW AND ARGUMENT

A. **Legal Standard**

Some courts apply Fed. R. Civ. 12(b)(3) to motions to dismiss based on forum selection provisions; others apply Fed. R. Civ. P. 12(b)(6). *See, i.e.*, *Heinz v. Grand Circle Travel*, 329 F.Supp.2d 896, 988 n. 6 (W.D. Ky. 2004) (discussing the "vexing" question of which is the proper manner to dispose of a case where a party seeks to enforce a forum selection clause); *Hellmuth, Obata & Kassbaum, P.C. v. Board of Commissioners of Hamilton County*, No. 1:05- cv-592, 2005 WL 3465655 (S.D. Ohio Dec. 19, 2005) (Beckwith, Chief J.) (dismissing under Rule 12(b)(6)); *but see, The Painting Co. v. Weis Builders, Inc.*, No. 2:08-cv-0473, 2009 WL 150674 (S.D. Ohio Jan. 21, 2009) (Sargus, Jr., J.) (dismissing under Rule 12(b)(3)).

Under Rule 12(b)(3), "every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: . . . (3) improper venue." Fed. R. Civ. P. 12(b)(3). Under Rule 12(b)(6), "[d]ismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted." The Court assumes the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.*, 335 Fed. Appx. 587 (6th Cir. 2009). "To survive a Rule 12(b)(6) motion, the nonmoving party must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do […]. Factual allegations must be enough to raise a right to relief above the speculative level." *ABS Ind., Inc., ex rel. ABS Litigation Trust v. Fifth Third Bank*, 333 Fed. Appx 994 (6th Cir. 2009).

Irrespective of the application of (b)(3) or (b)(6), the appropriateness of dismissal here is based only on "(1) whether there is a valid and enforceable forum selection clause governing the location of the court adjudicating the dispute and (2) whether the clause is applicable to the matter at hand." *Villanueva v. Barcroft*, 822 F.Supp.2d 726, 733 (N.D. Ohio 2011).

**B. The Forum Selection Clause is Binding and Enforceable.**

In the Sixth Circuit, "[f]ederal law governs the enforceability of a forum-selection clause in a diversity suit." *Boling v. Prospect Funding Holdings, LLC*, 771 F. App'x 562, 568 (6th Cir. 2019) (citing *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009)). "A forum selection clause should be upheld absent a strong showing that it should be set aside." *Wong*, 589 F.3d at 828 (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595, 111 S. Ct. 1522, 113 L. Ed. 2d 622 (1991)); *see also M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12, 92 S. Ct. 1907, 1914, 32 L. Ed. 2d 513 (1972) ("The choice of that forum was made in an arm's-length negotiation by experienced and sophisticated businessmen, and absent some compelling and countervailing reason it should be honored by the parties and enforced by the courts."). Furthermore, "[t]he party opposing the forum selection clause bears the burden of showing that the clause should not be enforced." *Wong*, 589 F.3d at 828 (citation omitted).

To determine whether a forum-selection clause is enforceable, the district courts are to consider:

> (1) whether the clause was obtained by fraud, duress, or other unconscionable means;
>
> (2) whether the designated forum would ineffectively or unfairly handle the suit; and
>
> (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust.

4

*Wong*, 589 F.3d at 828 (citation omitted); *see also Cadle Co. v. Reiner, Reiner & Bendett, P.C.*, 307 F. App'x 884, 886 (6th Cir. 2009) ("[A] forum selection clause originating from an arms-length commercial transaction is valid and enforceable absent fraud, overreaching, or circumstances under which enforcement would be unreasonable or unjust.").

### 1. No Evidence of Fraud or Unconscionable Means.

To satisfy this first requirement, Plaintiff must either present evidence that he "agreed to the forum-selection clause as a result of fraud" or that OVP utilized a disparity in bargaining power to take unfair advantage of him. *Buckeye Check Cashing of Arizona, Inc. v. Lang*, 2007 U.S. Dist. LEXIS 12746 (S.D. Ohio Feb. 23, 2007). Unequal bargaining power or inability to effectively negotiate are not enough to satisfy this requirement. *Intrasee, Inc. v. Ludwig*, 2012 Ohio App. LEXIS 2360 (9th Dist. June 2012); see also *Contech Constr. Prods. V. Blumenstein*, 2012 U.S. Dist. LEXIS 97050 (S.D. Ohio July 12, 2012) (finding a forum selection clause in an employment contract enforceable where the defendant employee signed the contract as a condition of employment).

Here, the forum selection clause in the Employment Agreement is clearly written and is in no way concealed. Plaintiff has not alleged fraud, duress, or anything unconscionable in connection with the forum selection clause. Rather, even in his resignation letter, Plaintiff expressed his appreciation for the time he was employed at OVP. See Ex. A.

### 2. The West Virginia Courts Would Effectively and Fairly Handle This Matter.

Plaintiff must also show that a West Virginia court would ineffectively or unfairly handle the suit. *See, Watch, Inc.,* 176 F.3d at 375. This is not a diversity action in which conflict of laws principles would result in the application of more or less favorable law. Plaintiff's Complaint asserts a single cause of action under the Fair Labor Standards Act, 29 U.S.C. § 207. As this case

5

is in Federal Court under a federal question, not diversity jurisdiction, the federal law applies equally in both jurisdictions. There is no risk that Plaintiff will be denied any remedy or will be treated unfairly. *Id.* Moreover, Plaintiff could not show reliable support for a claim that a West Virginia court – particularly a West Virginia Federal Court – would deny a remedy to him or treat him unfairly. If anything, West Virginia Courts have gained a reputation as being more plaintiff-oriented than other jurisdictions.

### 3. Litigating This Matter in West Virginia Would Not Be Seriously Inconvenient.

Ohio courts have found that a forum selection clause is not unreasonable or unjust simply because it may cause some inconvenience to the party seeking to avoid it. *InVentiv Health Commc'ns, Inc. v. Rodden*, 108 N.E.3d 605, 612 (Ohio Ct. App. 2018)."[M]ere distance, mere expense, or mere hardship to an individual litigant is insufficient to invalidate a forum selection clause." *Id.* (internal quotations omitted). To find a forum selection clause unreasonable or unjust, it must be determined "that enforcement of the clause would be manifestly and gravely inconvenient to the party seeking to avoid enforcement such that it will effectively be deprived of a meaningful day in court." *Id.* (citing *Info. Leasing Corp. v. Jaskot*, 151 Ohio App.3d 546, 552, (Ohio Ct. App. 2003)).

In this case, litigating this dispute in the neighboring state of West Virginia where the parties agreed would not inconvenience Plaintiff. Most, if not all, of the evidence that will likely be at issue in this case is stored at OVP's corporate headquarters in Huntington, West Virginia. That is the very reason that OVP's standard employment agreements contain this forum selection clause – because if anything, litigating in Cabell County, West Virginia would be more, not less, convenient. Plaintiff cannot meet his heavy burden of showing that enforcing this forum selection

6

clause would be unjust or unreasonable. The forum selections clause is enforceable, and this Court should grant OVP's motion.

## CONCLUSION

The forum selection clause in Plaintiff's Employment Agreement is binding, enforceable, and applicable to this case. Dismissal of Plaintiff's Complaint is appropriate because Plaintiff filed his lawsuit in the incorrect forum. OVP respectfully requests that this Honorable Court grant this motion, dismiss this case, and award whatever further relief the Court deems appropriate under the circumstances.

Respectfully submitted,

/s/ Charles K. Gould
Charles K. Gould (0065825)
**JENKINS FENSTERMAKER, PLLC**
Post Office Box 2688
Huntington, WV 25722-2688
Phone: (304) 523-2100 | Fax: (304) 523-2347
ckg@jenkinsfenstermaker.com

*Counsel for Ohio Valley Health Physicians, Inc. d/b/a OVP Health*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 23, 2025, a copy of the foregoing was filed using the Court's CM/ECF system, which will send notification of such filing to all registered counsel.

/s/ Charles K. Gould
Charles K. Gould (0065825)
