# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| THOMAS GOLDEN, *on behalf of himself and others similarly situated,* | ) ) ) |
| | CASE NO. 2:25-CV-416-DRC-CMV |
| Plaintiff, | ) ) JUDGE DOUGLAS R. COLE ) ) |
| vs. | ) ) ) |
| OHIO VALLEY PHYSICIANS, INC., d/b/a OVP HEALTH, | ) ) ) |
| Defendant. | ) ) |

## REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS FOR IMPROPER VENUE

Comes now Defendant Ohio Valley Physicians, Inc. d/b/a OVP Health ("OVP") replying to Plaintiff's Response to OVP's Motion to Dismiss for Improper Venue. OVP states that despite Plaintiff's arguments, the proper venue for this case is the United States District Court for the Southern District of West Virginia. The parties are contractually bound to litigate this dispute in the courts of West Virginia. In further support of this Reply, OVP states as follows:

**I.      ARGUMENT**

Mr. Golden makes two primary arguments that the provision in his Renewal Employment Agreement ("Employment Agreement") does not require litigating this case in West Virginia courts. They are: (1) that the Employment Agreement does not contemplate FLSA claims because it "expressly excludes 'issues pertaining to wage payment and collection'", and (2) that the clause only applies to those issues "with respect to enforcing the Agreement" and this wage payment dispute is not one falling within the scope of such language. Doc. # 13, Resp. at 2. Neither argument is tenable.

### A. **The Wage Payment Language Only Applies to Choice of Law and not Choice of Venue.**

The title of the provision relied upon by OVP is "GOVERNING LAW AND FORUM". Ex. 1, Employment Agreement at ¶11. Thus, the contractual clause applies to two subject areas: (1) what law will be applied by the adjudicating court; and (2) where any lawsuit between the parties must be brought. The language which references wage payment and collection states that "with the exception of wage payment and collection, workers' compensation, and facility licensure/accreditation" the law to be applied in any dispute between the parties is to be that of West Virginia. Therefore, the exclusion of wage payment issues (and by necessity the FLSA) only applies to what law will be applied, and not where the case will be heard. Therefore, Mr. Golden's reliance upon this particular section of the clause is misplaced.

### B. **Plaintiff's Action is One Which Seeks to Enforce the Agreement and Which Requires Interpretation of the Parties' Agreement.**

Near the beginning of his brief, Mr. Golden argues that if a venue clause states that it applies to contract enforcement disputes, statutory claims are excluded unless affirmatively included in the clause's language. Doc. # 13, Resp. at 1. In support of this argument, Mr. Golden cites *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009). However, *Wong* contains no such language. In fact, *Wong* analyzed the forum selection clause in that case under the exact same factors that OVP applied in its initial Motion. Thus, *Wong* does not provide any support for Mr. Golden's argument and Mr. Golden cites no other case law in support of his proposition.

Moreover, Mr. Golden then improperly attempts to shift the burden in this case in regard to enforcement of the forum selection clause. Mr. Golden states that "[t]he defendant bears the burden to show that the clause applies and should be enforced.". Doc. # 13 at 2. *Wong* states otherwise. In *Wong*, the 6th Circuit expressly stated that "[t]he party opposing the forum selection

2

clause bears the burden of showing that the clause should not be enforced". *Wong*, 589 F.3d at 828.

Mr. Golden's primary argument, however, is that his FLSA claim does not fit within the scope of the language of the choice of venue clause. This is also incorrect. The relevant language provides as follows:

> The Parties agree that any dispute with respect to enforcing this Agreement shall be resolved by the courts, either state or federal, located in Huntington, Cabell County, West Virginia, regardless of where the Agreement is finally executed or performed and neither Party shall challenge whether such court has jurisdiction over the claims(s) or parties.

Ex. 1, ¶11. Mr. Golden argues that "[t]he claims here do not seek to enforce the Employment Agreement and do not require interpreting any of its terms. This is not an FLSA misclassification case that might call for analysis of job duties or contractual obligations." Doc. # 13 at 3. Mr. Golden is mistaken, and this is indeed a FLSA misclassification case. A prior submission of the Parties demonstrates this fact.

In the Parties Rule 26(f) under Paragraph 7 entitled "Discovery Procedures", the basis for Mr. Golden's claim against OVP is discussed. That section indicates that discovery will be needed

> regarding job classifications, compensation and pay structures, exemption designations, scheduling practices, and the actual duties and responsibilities of hourly employees alleged to be similarly situated. <u>This discovery is intended to assess whether Defendant maintained a common practice policy or practice of classifying employees as exempt while paying them on an hourly basis in a manner inconsistent with that classification.</u>

Doc. # 16 at ¶7 (emphasis added). Therefore, contrary to Mr. Golden's assertion in his Response, the Parties' Rule 26(f) Report expressly states that classifications, exemption designations, and actual job duties and responsibilities are at the heart of his claims. Determining those job duties and whether a FLSA overtime exemption applies will require both discovery from employees

3

themselves and also interpretation of their respective employment contracts. This is demonstrated by Mr. Golden's own Employment Agreement.

Addendum B to the Employment Agreement sets forth Mr. Golden's job duties in regard to his scope of practice and provision of medical services. *See* Ex. 1. Addendum A sets forth his general work schedule and required hours. *Id*. Addendum D sets forth the provisions related to compensation. *Id*. If Mr. Golden intends to argue that his job duties do not allow OVP to classify him as exempt, then the job duties outlined in the Employment Agreement are a key piece of evidence to the prosecution and defense of such claim, which will expressly require interpretation of the Employment Agreement.

It is anticipated that one of OVP's potential defenses to Mr. Golden's claim will be that his job duties, as set forth in his Employment Agreement, and as actually performed in his provision of medical services, qualify for the overtime exemption applicable to those engaged in the field of medical science and healing or engaged in any of the medical specialties performed by "practitioners" as set forth in 29 C.F.R. 541.304(b). Therefore, because at its center this is indeed a case about whether OVP has misclassified Mr. Golden as exempt, interpretation of his Employment Agreement will necessarily be required. As such, Mr. Golden's reliance on *Crouch v. Guardian Angel Nursing, Inc.*, 2009 WL 3738095 (M.D. Tenn. Nov. 4, 2009) is misplaced.

Guardian Angel involved a situation where defendants argued that the FLSA did not apply *at all* because they asserted that the plaintiffs were not employees, but rather independent contractors. *Crouch v. Guardian Angel Nursing, Inc.*, Civil Action No. 3:07-cv-00541, 2009 U.S. Dist. LEXIS 103831, at *4 (M.D. Tenn. Nov. 4, 2009). In that particular context, the court reasoned that the parties' contract did not need to be interpreted. This case, however, involves an actual employee who is now claiming that his job duties, as set forth in his Employment Agreement, are

4

not sufficient to meet the requirements necessary to categorize him as "exempt" for overtime purposes under the FMLA. Unlike *Guardian Angel*, a determination as to whether the exemption applies will require an interpretation of the Employment Agreement and the job duties set forth therein.

Moreover, at its most basic level, Mr. Golden has filed this action for compensation that he claims he is due and which was not paid to him. His compensation system is set forth in the Employment Agreement. Therefore, he is indeed filing this action to enforce his Employment Agreement.

## II.    CONCLUSION

The forum selection clause in Plaintiff's Employment Agreement is binding, enforceable, and applicable to this case, and Mr. Golden's arguments do not change this fact. Dismissal of Mr. Golden's Complaint is thus appropriate because Plaintiff filed his lawsuit in the incorrect forum.

Respectfully submitted,

/s/ Charles K. Gould
Charles K. Gould (0065825)
**JENKINS FENSTERMAKER, PLLC**
Post Office Box 2688
Huntington, WV 25722-2688
Phone: (304) 523-2100 | Fax: (304) 523-2347
ckg@jenkinsfenstermaker.com

*Counsel for Ohio Valley Health Physicians, Inc. d/b/a OVP Health*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 27, 2025, a copy of the foregoing was filed using the Court's CM/ECF system, which will send notification of such filing to all registered counsel.

/s/ Charles K. Gould
Charles K. Gould (0065825)