IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THOMAS GOLDEN, on behalf of himself and those similarly situated ) ) ) ) Plaintiff, ) v. ) ) ) OHIO VALLEY PHYSICIANS, INC. ) ) Defendant ) | CASE NO. 2:25-CV-416-DRC-CMV<br><br>HON. JUDGE DOUGLAS R. COLE<br><br><br>**SUR-REPLY** |

Defendant's Motion to Dismiss rests on a single proposition: that a forum-selection clause requires this case to be litigated in West Virginia. The Reply attempts to change that frame by invoking the parties' Rule 26(f) report and suggesting that the dispute turns on job duties and contract interpretation. It does not.

This is a straightforward statutory overtime case **for employees who were paid by the hour**. The Complaint alleges that Plaintiff and similarly situated employees were paid hourly, regularly worked more than forty hours in a workweek, and were paid their regular rate for those hours instead of the required time-and-a-half.[1] The pleading contains no allegations about day-to-day duties, and that is by design. For hourly employees, duties do not determine whether overtime is owed. Hourly means overtime, whether the shift was spent suturing or sorting charts.[2]

The Rule 26(f) report does not say otherwise. The language Defendant quotes appears in a joint proposal for limited, pre-notice discovery so the Court can decide whether others are similarly situated under *Clark v. A&L Homecare*.[3] The parties identified categories that discovery may include, such as job classifications, pay structures, and "actual duties and responsibilities," because

---

[1] Compl. ¶¶ 11–22.
[2] *See* 29 U.S.C. § 207(a)(1) (overtime due to non-exempt employees); 29 C.F.R. § 541.2 (white-collar exemptions require both salary basis and duties); 29 C.F.R. §§ 541.600(a), 541.602(a) (salary level and salary-basis requirements). Limited exceptions to the salary requirement exist—computer employees paid at least $27.63/hour, outside sales, teachers, physicians/lawyers, and the retail-commission exemption—but none is at issue here. 29 C.F.R. §§ 541.400(b), 541.500(c), 541.303(d), 541.304(d); 29 U.S.C. § 207(i).
[3] 68 F.4th 1003 (6th Cir. 2023).

those topics can bear on similarity for notice. That list is not an admission that duties matter to liability, and it does not transform a "hourly workers denied overtime" case into a "misclassification" case.

Even if one entertained Defendant's detour, the contract language still controls its own reach. The clause states that any dispute "with respect to enforcing this Agreement" shall be brought in Huntington, West Virginia, and it expressly carves out "issues pertaining to wage payment and collection." An FLSA overtime action neither seeks to enforce the agreement nor falls outside that carve-out. Defendant's Reply tries to tie the merits to contract interpretation precisely because the clause does not apply to statutory wage claims unless the dispute truly concerns enforcing the agreement. Here it does not, because job duties are irrelevant when an employee is paid by the hour.

On the record that actually exists: (1) the Complaint pleads an hourly-pay overtime theory, not a job duties "misclassification" case; (2) the Rule 26(f) language is about pre-notice similarity discovery, not the merits; and (3) the forum selection clause does not apply to statutory wage claims and does not require interpretation of the employment agreement to determine any issue in this case. The Motion to Dismiss should be denied.

Respectfully submitted,

*/s/ Chris P. Wido*
Chris P. Wido (0090441)
SPITZ, THE EMPLOYEES' LAW FIRM
3 Summit Park Dr, Suite 200
Independence, Ohio, 44122
Phone: (216) 364-1330
Fax:    (216) 291-5744
Email:  chris.wido@spitzlawfirm.com

*Attorney For Plaintiff Thomas Golden*

## CERTIFICATE OF SERVICE

I certify that the foregoing was served via the Court's electronic filing system on this 9th day of August, 2025. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system.

>
> */s/ Chris P. Wido*
> Chris P. Wido (0090441)
> **SPITZ, THE EMPLOYEES' LAW FIRM**